No. 472

NEFFLE v. CLEVE., SAN. BREW. CO.

No. 18668. Ohio Supreme Court, Pending Case

On motion to direct Court of Appeals of Cuyahoga County to certify record.

## STATE SUPREME COURT —Continued

**707. LEASES—Liability of owner to a sub-lessee for injuries to a tenant and for repairs.**

The error complained of in this case is the direction of a verdict in favor of the defendant by the trial court, in a personal injury damage case.

There are two questions submitted—first, the liability of an owner of premises to a sub-lessee of a tenant for injuries due to defective condition of the premises which the owner in the lease agreed to keep in repair, and, second, the liability of the owner for repairs so negligently made as to cause injury to an occupant of part of the premises.

As to the first question the court is asked, as in Neckel v. Fox, decided by the Supreme Court April 14, 1924, to clarify the rule as deduced from Burdick v. Cheadle, 26 OS. 393; Shindelback v. Moon, 32 OS. 264, and Stackhouse v. Close, 83 OS. 339.

As to the second question, the plaintiff relies upon the line of authorities found in Hyman v. Barret, 224 NY. 436, as annotated in 18 NY. CA. 190, 197, and Ruff Drug Co. v. Western Iowa Co. as annotated in 15 ALR. 962, the question not having been decided by the Ohio courts.

The action was for personal injuries received by Neffle when an outside stairway to her living-rooms gave way and precipitated her to the cement walk below. The building was owned by the Brewing Co. and was under lease from month to month, or at will, to Louis Voss, who sublet rooms in the second story, reached only by this stairway, and both the owner of the building and Voss were sued in the action. The court directed a verdict in favor of the Brewing Co., and the case against Voss was continued on his motion and is still pending.

The evidence tended to show that at the time the Brewing Co. leased the entire premises to Louis Voss, it agreed to make all the outside repairs, said Voss, however, to make all inside repairs. It was further in evidence, that at the time of the lease the owner's attention was particularly called to this insecure stairway, and it not only promised to repair it, but sent men to make the repairs, who did so by driving only two or more nails into the rotten sill of the upper platform of the stairs, which nails were all that held the stairs to the house. These nails pulled out and the whole platform fell to the ground, and plaintiff was injured. Further attention to this danger was called two or three days before the accident, promise was made to remedy the condition, but plaintiff was injured before further repairs were made.

Attorneys—Payer, Winch, Marshall& Karsh, Cleveland, for Neffle; Boyd, Cannon, Brooks & Wickham, Cleveland, for Brewing Co.